IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEMARIS CEASEAR                                                        PLAINTIFF

vs.                              Civil No. 4:15-cv-04030

CAROLYN W. COLVIN                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Demaris Ceasear ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff filed her DIB application on November 1, 2012. (Tr. 143, 275).  In her application, Plaintiff alleges being disabled due to multiple sclerosis. (Tr. 310).  Plaintiff alleges an onset date of October 27, 2012.   (Tr. 143).   This application was denied initially and again upon reconsideration. (Tr. 178-194).  Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted.  (Tr. 216-217, 140-156).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on October 31, 2013. (Tr. 164-177). Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff, Vocational Expert ("VE") Dr. Marini, and Medical Expert ("ME") Dr. Kushalani were present and testified at this hearing.[2] *Id.* At this hearing, Plaintiff testified she was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 166).

After this hearing, on December 11, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 140-156). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 144, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 27, 2012, her alleged onset date. (Tr. 144, Finding 2). The ALJ determined Plaintiff had the following severe impairments: multiple sclerosis, depressive disorder, and dysthymia. (Tr. 144-148, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 148, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 148-155, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I agree with the DDS consultant that the claimant has the residual functional capacity to [perform] a range of sedentary work, as defined in 20 CFR 404.1567(c) and 416.967(c). That is, the claimant can lift and/or carry 10 pounds occasionally and 10 pounds frequently, stand and/or walk

---

[2] The first name of the vocational expert and medical expert were not included in the hearing transcript. (Tr. 164-177).

> for 2 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The
> claimant can occasionally climb ramps, stairs, ladders, ropes, scaffolds and balance.
> She must avoid concentrated exposure to cold and heat and all hazardous
> [conditions]. From the mental standpoint, the claimant is able to perform work
> where interpersonal contact is routine and superficial; complexity of tasks learned by
> experience, several variables; judgment within limits; and supervision little for
> routine, but detailed for non-routine.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform. (Tr. 155, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 155-156, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following occupation: general office worker (sedentary, unskilled) with 100,000 jobs in the nation. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from October 27, 2012 through the date of the ALJ's decision or through December 11, 2013. (Tr. 156, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 138). On March 24, 2015, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on March 16, 2015. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 17, 2015. ECF No. 6. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to properly assess her multiple sclerosis; (2) the ALJ erred in discrediting the opinions of her treating physicians; and (3) the ALJ erred in finding retained the capacity to perform sedentary work.  ECF No. 11 at 1-21.  Also in her briefing, Plaintiff argues the ALJ erred in evaluating her subjective complaints pursuant to *Polaski*.  Upon review of these claims, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints.  Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

_____

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, it appears the ALJ incorrectly found he was free to discount Plaintiff's subjective complaints because there was insufficient medical evidence to support those allegations:"the <u>Polaski</u> analysis in the Eighth Circuit is congruent with SSR 96-7p in requiring a determination of medical reasonableness as a 'condition precedent' to the full acceptance of the claimant's description of limitations." (Tr. 154).

Notably, while it is true that *some* medical evidence is required to support an RFC determination and certainly the medical evidence may be considered in evaluating a claimant's subjective complaints, the ALJ is not permitted to entirely disregard those subjective complaints if he or she finds at the outset of his or her analysis that there is insufficient medical evidence to support those allegations. Further, in this particular case, there clearly was sufficient medical evidence to meet the ALJ's supposed "medical reasonableness" standard. The opinions of *two* of Plaintiff's treating physicians, Dr. H. Lawson Kile, M.D. (Tr. 566-569) and Dr. Betty J. Feir (Tr. 540-541), supported Plaintiff's claim that she had significant limitations and was unable to work. Although the ALJ wholly discounted their findings and instead relied upon the findings of a non-examining, non-treating DDS physician, the ALJ cannot find that *no medical evidence* supported Plaintiff's allegations.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not

fully support them [the subjective complaints]").  Accordingly, because the ALJ provided no valid

reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.**      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 3rd day of September 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply
with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that
disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a
disability determination, subject to this Court's later review.